Next matter is U.S. v. Ilma Nunez. Good morning, Your Honor. Good morning. May it please the Court, my name is Jose Campos and I'm here on behalf of the appellant, Ilma Alexandria Soriano Nunez. Yes, Mr. Campos, this just came to me this morning, I got up very early, had my second cup of coffee, and I was hallucinating, but the question is, why isn't someone in ICE custody or immigration custody once a detainer is served? Wouldn't it be fair to say that once a detainer is placed on the institution where the person is then detained, they're in ICE custody? Maybe it's only constructive custody because they're actually physically detained by another entity, but why aren't they in ICE custody then? Your Honor, the detainer itself is a request. It's a request that is written, signed off by an official from the Department of Homeland Security, a non-judicial officer, asking the body that currently has the defendant in custody to hold them for 48 hours, so that the immigration can come then and take them into custody. So you're putting them in that when you use custody, so the immigration can come and physically restrain them. Correct. But they're not free to leave once that, and I hate to use that because it brings up Fourth Amendment circumstances that I don't mean to put into this case, they're not there, but they're not really in the non-Fourth Amendment case free to leave once the detainer is placed on the institution where they're physically incarcerated, are they? It depends on what jurisdiction has them in custody. So some, for instance, locally in Pennsylvania, some counties will ignore that detainer because it is just a request. It's not a binding order to keep the person detained for 48 hours. And so even if the detainer comes in, the person will be let free, and ICE will then have to find them outside. And that's an I-247 detainer, I assume we're talking about. Yes, Your Honor. Your Honor, I forgot. May I please have two minutes, Your Honor, for rebuttal? So the issue here essentially is whether Section 3142D of the Bail Reform Act prevents immigration from taking someone into custody after the district court has ordered them released on whatever conditions that the court has ordered them released. I mean, you're making the application here. I mean, did you think of making a motion before ICE for her release? Well, she was taken to immigration custody, and immigration proceedings did begin. With that detainer, they also issued a notice to appear. She appeared before an immigration judge, and there was a bond hearing in the immigration forum as well. It's a different standard in terms of release from the immigration proceedings. For there, it's the defendant who has to show by clear and convincing evidence that they are not a flight risk or a danger to the community. Right. ICE was aware that there were pending criminal charges against her. Absolutely. They were aware, and I would note that in this case, we did have a 3142D hearing. And that's... Before the magistrate. Before the magistrate, yes, before Judge Strawbridge. And that differentiates this case from the other circuit cases. The reason being is that Judge Strawbridge had the opportunity to determine whether there was a minimum amount of risk of flight or danger to the community in order to hold her for 10 days. And he did. He did do an analysis, and he determined because of her uncertain immigration status, he would give the government 10 days. That's a lower standard than the preponderance of the evidence that needs to be shown in order to keep them held. Well, the statute has a mandatory language. The judicial officer shall order the detention of such person if they're not a citizen of the United States or lawfully admitted. It's a mandatory so that the state, so the federal government can give notice not only to immigration officials, but to other courts, parole, probation, state and local authorities. Correct? Correct. So it's a mandatory hold. It's mandatory. There's also the second provision there. And if the person is a flight or a danger, and the court obviously, right? I'm sorry. And such person may flee or pose a danger to another person or the community. So the court made a determination, we're going to hold. ICE doesn't take your client at that time, correct? That's correct. Okay. Your theory, as I understand your argument, is since they didn't take her then, they shouldn't, they lost their right to take her. And if they did take her, she was entitled to release conditions in front of the ICE authorities. Am I correct about that? That is correct. But it's not an indefinite prohibition against ICE taking her. It's just during the pretrial phase up until there is a conclusion, either guilt or innocence. All right. Let's hold that for one second, right? You've applied it to ICE. This statute speaks beyond ICE. It speaks about appropriate courts, probation, parole, state and local law enforcement. In order to adopt your view, you would be asking this court to also say those independent sovereigns also can't take any action until the federal criminal proceeding is concluded. Is that your position? That is not the facts of this case. The facts of this case is immigration detention, however. But is that your position? Because the difficulty with your position is that it's not isolated to ICE where we have just another component of the federal government acting. But this statute talks about independent sovereigns. And to adopt your view would also be saying that the federal government is going to dictate what these other sovereigns can do during this period. Is that supported by this statute? I would argue yes. And the reason being is if we're talking about state actors, other non-federal actors, the Supremacy Clause would then go into effect and the Bail Reform Act, which would be the law that would govern. Where would the Supremacy Clause take precedence to the extent you're saying that these other authorities are prohibited from acting if the federal government takes a defendant first? Because doesn't this statute really provide a mechanism for these other authorities to actually get an opportunity to take those folks as a coordination mechanism? Because your view is saying they have to wait now. Everybody has to wait. The feds go first if they set conditions of release. It is, and that's from my reading of the plain language of that statute, specifically that word notwithstanding. And I know I do harp on it again and again in the brief because it is just a very simple word, meaning that notwithstanding any other law regarding detention, in spite of any other law regarding detention. And so, yes, it is an extreme, but that's what the simple interpretation of that clause. Or isn't a fair interpretation of that clause to say that if those other officials don't take custody of this individual, the Bail Reform Act provisions should apply regardless of their citizenship, go forward and notwithstanding the applicability of other laws governing release or deportation. If you don't act, you can't consider this as something that outweighs release. It becomes just another consideration. And so that citizens and noncitizens are treated equally. Isn't that right? I'm not quite sure if I understand the question. If you read the whole clause, if the official fails to act to take that person to custody, whether it's a state, immigration, et cetera, such person shall be treated in accordance with other provisions of this section, meaning everything else in the Bail Reform Act, notwithstanding the applicability of other laws governing release pending trial or detention, deportation or exclusion, meaning just because there's detention provisions available in the immigration laws, that should not influence the decision maker on bail for the criminal case. Correct? As it says, notwithstanding, meaning it doesn't matter what those things say. Once they don't take custody, we treat this as a regular bail case. I would think it would go even higher to just influencing the decision maker. It acts as a prohibition against the other state parties or immigration parties or whoever else from coming and taking the person. And the reason being is because the Bail Reform Act favors release prior to trial so that the person can interact with their counsel, prepare for their defense. And there's a lot of reasons that this provision comes in the beginning of the BRA. It's so that if the state actors do not take advantage of that 10-day period, they're going to have to wait until this trial is done because it's so important. The United States places such a premium on freedom and the presumption of innocence prior to the trial. You're saying that if somebody gets conditions of release set, it's not an immigration case, and that person is also wanted by the state authorities. You're saying those state authorities can't start taking action towards that person while they're pending trial? This happens all the time. They can start taking action, but they won't be able to detain them. What if they violated parole? What if they didn't disclose their arrest, but nonetheless the federal magistrate judge says, I'm going to set bail anyway? The parole officer says, that's a per se violation of your conditions of parole. You're saying that the parole officers can't violate his parole and hold him for adjudication on the parole violation? The United States could also file another motion to detain them in the federal jail. Why should they have to do that? We're talking about the authority of an independent entity to take action in their own case. Because that's what the upshot of your position is everybody has to freeze. Other actors, and it's not just ICE, and that's why I'm focused on these other actors. Everybody has to freeze. Is that supported by this statute? I think that goes outside the scope of this case, though. Is it supported by the statute? I don't know. By just saying it goes outside the scope of this case, which drives me crazy, that's not this case when it's hypothetical, which is why it's hypothetical. Answer the question. I'm not doing it to trick you or anything. I'm trying to give life to each of the words Congress put in this statute. In order to do that, I have to ask you how your interpretation of the statute impacts all those other actors who are also covered by the statute. I think it's very different in this case because the actor here is the executive branch. You have the Department of Justice and the Department of Homeland Security working together. The statute is worded all inclusively. Is the interstate in the hypothetical you're being asked about, does the interstate agreement on detainers, and that's not in your briefing, but I'm wondering to what extent that comes in here to resolve some of this difficulty and at least assert attention. I don't know the answer to that question because I'm not familiar with the interstate compact on detainers. An immigrant has a pending criminal case and is released. ICE can never take that person into detention? No, that's not my position at all. It is that once the Bail Reform Act only deals with this particular section. Once an immigrant is released under the Bail Reform Act involving a criminal offense, ICE can never take that person into custody? No, that's not my position. My position is during the pendency of the trial, ICE cannot take that person into custody. I thought I said that, a pending criminal case. Oh, pending, I'm sorry, I missed that. Yes, Your Honor. You could never take that person into custody? Not based on this provision, not based on the word notwithstanding. Notwithstanding is a very hard word in terms of preventing or preventing any other law regarding detention. But even if there is a very substantial, credible basis to believe that that person will never show up for the criminal case? If that person would never show up for the criminal case? Yes, I mean the purpose of bail is to ensure the appearance of that person in future and further proceedings. But if it appears to the official that is making a decision that that person will never show up, why is it? They wouldn't have gotten bail in that hypothetical, and we wouldn't have this conflict. The judge would say if there's a high... All right, the detention in this case is by immigration officials. The immigration officials, that detention is a completely different standard as well. They cannot, under my interpretation, take this person up to the point of trial in this position of the case. The defendant, I say defendant, the immigrant I guess is the right word. That person was here in the country illegally, right? Without proper, I guess, admission credentials. That's the allegation, yes. And of course, they take that person into custody, I think, because of fear that that person will just never show up for further immigration proceedings. Why isn't it appropriate to hold that person in custody? Every case would be different. And in this case, that question came up during the 3142D hearing. Judge Strawbridge wondered aloud, why hasn't immigration put a detainer on this person? Why haven't they already done this? And the U.S. attorney had no response, but there's a back and forth between Judge Strawbridge and the U.S. attorney. But of course, the detainer is to ensure appearance. It is to, the detainer, immigration detainer, again, is a request from ICE to hold the person for 48 hours. So it's not necessarily to hold it to ensure their appearance. To ensure their appearance would come later on in front of the immigration forum and in front of the immigration judge, where he would make that individualized determination. The 247 just requests 48 hours, the person be held for 48 hours? Yes, Your Honor. 48 hours so that the immigration judge will become a taker. Yeah, that's correct. I have one other question before you sit down. One of the, you asked for two types of relief from the district court. One is to dismiss the indictment. There's a real question if we have jurisdiction over that ruling, so put that aside. The other was to basically direct ICE to release the individual, correct? Yes, Your Honor. What is the authority of a district court judge to tell an immigration judge to release somebody who's being held under the immigration statute? I would rephrase it as an enforcement of the district judge's order that the person should be released. And that's where the conflict comes. Doesn't your remedy go into like a 2241 proceeding, like a habeas proceeding before, you know, to a civil challenge that the order contravenes another directive, something like that, rather than having the district court judge under the Bail Reform Act? I still don't see where the Bail Reform Act gives that authority. You're just saying the court's inherent authority to enforce its own orders. It has the authority to compel another agency to comply. Is that your position? A habeas proceeding would be another alternative remedy in terms of trying to release a person from immigration custody. But what we're arguing here is that they cannot, during the pendency of this trial, hold her for the purposes of keeping her for the criminal trial. Is that the case in every instance where an immigrant has a pending criminal case? In other words, immigration could never detain an immigrant when that person has a pending criminal case. No. You would have to get the bail first. You'd have to get the justice in the criminal forum to order them released on bail. That's where you have the conflict. Otherwise, they would be able to hold them. If the judge, in this case, said no, you are at risk of flight. I do find, by prominence of the evidence. The judge is in the driver's seat in terms of detention or not? Yes. Under the BRA? Yes. Okay. Thank you. Good morning, Your Honor. May I please report? Robert Zalsper on behalf of the government. The one thing we haven't talked about is jurisdiction. I do think these legal issues are very interesting, and I want to address them. We've raised the question, and I don't believe the defense has addressed it, that this court does not have jurisdiction to consider this appeal. This court does have jurisdiction to review an order under the Bail Reform Act. That is one of the few exceptions to the rule against interlocutory appeal in a criminal case. The Bail Reform Act order here released the defendant. That is not what's being appealed. But isn't it challenging the district court's failure to enforce the terms of its own order against the immigration authorities? Isn't that what gives us jurisdiction? Well, but as has been suggested here, the court has no such inherent authority to do that. Well, that's a different question about whether we have the power. Then we decided, meaning to review a decision as opposed to whether a court has the authority to take the act, request it. Sure. So there's no authority whatsoever for the notion that an order under the Bail Reform Act that is appealable includes not directing another court to do something. Okay. On the same page, just to close the loop on the jurisdictional point, though, I recognize your position with respect to the extent the district court denied the motion to dismiss the indictment. We don't have jurisdiction to review that component of its decision. But here, the Bail Reform Act is being invoked under the guise of the district court erred by not enforcing its own Bail Reform Act. Right. And I'll just point out that I think it's very important that Congress specifically has denied judicial review of the order in the immigration case. I'm working on that. I just want to deal with the appellate jurisdiction for the order that he's complaining the court should have enforced, the Bail Reform Act order. I know, I understand your position. It can't be enforced against the INS. I get that. Right. But what I'm saying is that a proper understanding of, I think it's 1226E, that says that the court cannot review an order of the immigration court, a proper understanding of that would include the conclusion that you can't do it through the back door by saying you're not enforcing something through the Bail Reform Act. 1226E is a jurisdiction-stripping statute. Now, there may be a habeas remedy, as has been suggested. This court has a decision called Sylvain in 2013 about how you can have habeas review for due process. How do you deal with the fact that the D.C. Circuit and the Sixth Circuit and the Second Circuit have, of all three, concluded that the kind of relief your adversary is seeking is not available, and they felt very comfortable they had jurisdiction to make that pronouncement? They did because those were government appeals. So the government had a statutory right to appeal the orders that were entered in those cases. There is no case in this posture of an appellate court reviewing the district court's denial of this sort of motion. So your position is that our court lacks jurisdiction to review the denial of a motion to enforce an order under the Bail Reform Act. That's your position? I understand you're 1226E. Sure. Our position is this is not an order under the Bail Reform Act. This is the denial of a motion to invoke inherent authority to direct the immigration court to release someone. But it's an order of the district court, and you're saying we have no jurisdiction to review that order of the district court, judging this case. It is, and I don't want to be dancing on the head of this. You're saying under the Bail Reform Act, he has nothing to appeal because he would. Exactly. And so what you're then left with, whatever it is, there is an order of the district court, as you say, Judge Fuentes, but then what we have here is an interlocutory appeal for which this court does not have jurisdiction. We haven't had a trial yet. We haven't had a judgment. And so it either falls within one of those very narrow exceptions for interlocutory appeals, which includes bail, or it doesn't, and that's our view here. Turning to the merits, if I may, the government's position endorsed by the other circuits is that the court does not have authority to tell the immigration court what to do. These are two separate proceedings. To address the detainer question that Judge McKee presented. Well, in some instances, we have the authority to tell an immigration court what to do and what not to do. Sure, in an appeal from the immigration proceedings. But what we have here is we have two parallel tracks, two obligations that have been imposed on the executive branch to enforce the immigration laws and to enforce the criminal laws. They are happening simultaneously. There are different procedures and rules that apply to each and different challenges that can be presented in each. And here, the Bail Reform Act permits the district court to say the immigration law is notwithstanding. What would I do here? And the court said it would release the defendant. But the immigration court said otherwise. And as my colleague, Mr. Campos, accurately pointed out, it's a different standard in the immigration court. The burden is on the defendant there at a higher level to show the likelihood to appear for the immigration proceedings. And this is not a normal case. This is not normally what happens. And that's why we get into the detainer. The government does have an issue here, as courts have acknowledged, which is that these things may come into conflict. And it's up to the executive branch to work things out. And the way things normally work out is that the government wants the criminal proceeding to take precedence. The decision has been made to prosecute this individual and that that's worth doing, even if the person is going to be removed. And so the way it happens is the charge is brought. The government opposes bail in the district court. The immigration authorities only file a detainer because they want the criminal case to go forward. In almost all of these cases, bail is denied under the Bail Reform Act. The criminal case goes forward. And then when it concludes, the immigration authorities pick up the individual based on the detainer. There are some bumps along the way. I have read in some cases that what sometimes happens is that immigration takes custody of the immigrant. And that person is then housed in some far off location, let's say in this case California, making it a little bit difficult for that person to have the right to counsel and to be consulting with counsel. Shouldn't that be a concern for us? That should be a concern for the court. Again, it rarely happens because the person is ordinarily in criminal custody. But when it does happen, I think the court can take measures to address it. In other words, when immigration does that and removes a person to far off jurisdiction, we can take steps to redress that, like bring that person back to Pennsylvania or New Jersey? Oh, certainly. The criminal court can always write the person in for purposes of the proceeding. The district judge. The district judge, exactly. Now, in Pennsylvania, again, that also never becomes an issue because it's always York County. That's where the individuals are held for immigration purposes. It's not the most convenient thing if you're a Philadelphia attorney as opposed to someone in Harrisburg. But it is reachable. It's not California. Do you know why in this case ICE didn't act on the detainer right away, within the 10 days? Well, as I said, the normal course is simply to file the detainer and not act on it because that allows the criminal case to go forward undisturbed. It's in the rare case like this where the district judge says, and we're not quarreling with this, the district judge says, no, this person can be released if I'm considering everything other than immigration. Then immigration says, okay, we need to step in here. So if I could ask you, in this case, I think the record bears this out, but just to make sure I understand it, the government requested pretrial detention for this individual and it was denied? Exactly. And then there was conditions of release were set. There was a request for reconsideration to the district court or the magistrate, the district court judge who denied it. Exactly. So the government, if we're talking about the sovereign, is acting consistently from your point of view. In the criminal case, we ask for detention. In the immigration case, we ask for detention. That's right. That's right. And what we would prefer is detention in the criminal case because that allows the criminal case to go forward. But you only have the detainer and not the actual removal proceedings continuing. We prefer for that to wait. And that's normally what happens. But that was taken away from us here, not quarreling with it. But once the judge released it and the immigration court thought, no, we don't believe this person is going to show up. We need her to be in custody. Now we have these two things conflicting with each other. We have to manage it going forward. You started to address my concerned question about the detainer, whether or not allowing the detainer is tantamount to constructive custody. Well, it is a type of custody, but it's not initiating the proceeding. It is simply saying, we'll be ready when you're done. And we want to. That doesn't get around detention with the burial form act, you're saying? Not at all. And, in fact, numerous people are subject to detainers while they're in federal custody. And that gets to Judge Schwartz's point. Before you get to that point, and I will make sure I get back there, you seem to agree that a habeas proceeding, there may be a federal court jurisdiction or a fee jurisdiction in a case like this for habeas proceeding. Well, that's right. Now, to be clear, of course, that would be very limited. Because you have that statute that says the court should not review the attorney general's determination. That's what I'm looking at. That's why I asked the question. And so the Sylvain case explains the narrow basis on which habeas can be applied to that immigration context, which is basically you're looking for a constitutional or legal error normally amounting to a deprivation of due process. Okay. So if I were to read the second part of subsection E of the statute, after it says the attorney general's discretionary judgment regarding the application of this section shall not be subject to review, clearly jurisdiction stripping. It then says no court may set aside any action or decision by the attorney general under this section regarding the detention or release of an alien, which would seem to your same argument vis-à-vis the BRA would be applicable to habeas, unless you're suggesting that the breadth of habeas dealing with constitutional objection, objection to the extent we read the second sentence in subsection E that way, then there'd be a constitutional issue. There'd be an issue with the constitutionality of that second clause in subsection E if we read it that broadly. Right. Really, there'd be more of a statutory conflict that's being suggested that the habeas court would have to work out. There's a body of law. I think Boumediene, and I'm sure I'm not pronouncing that correctly, is the Supreme Court case about jurisdiction stripping statutes and habeas. We haven't briefed that. We can if you'd like. But really, it's up to my colleagues on the immigration side. Should a habeas challenge be presented to her ongoing custody? That removal proceeding is continuing. As far as the basic argument here that the Bail Reform Act says that once you've released the person, nobody else can hold them, that is not a fair reading of the statute. And I know Judge Schwartz was only asking questions and not stating a position, but it states our position, which is that that part of the Bail Reform Act isn't just about immigration. It's about other federal cases, state cases. There's nothing in there that says give them a 10-day opportunity, and then if they don't use it during those 10 days, then you proceed and make a normal decision. And we, the federal government, are now preempting any ability of any of these authorities to later take the person into custody based on current circumstances, changed circumstances, anything else. That's putting so much weight on this statute that it can't possibly bear. Does this specifically say give Immigration and National Relations Service 10 days to decide what they want to do? It doesn't say decide what they want to do. It just says that the court will direct the Attorney General for the government, the Attorney for the government to give INS notice. Right. Well, it gives them notice, and it gives the state authorities notice also, so that if they want to take the person into custody and move ahead with their proceedings, they can. Then doesn't the bail determination become a nullity at that point? Well, it becomes a nullity in terms of bail, but the federal criminal case will still go on. It's simply that the person would be in a different jail, and it relieves the district court of the need to decide whether there will be federal pretrial custody. If they don't act during those 10 days, then all this is saying is, all right, federal court, it's back on you. You have to apply the Bail Reform Act in this case. But it doesn't say, and by the way, we're now using the supremacy clause and negating anything that anybody wants to do in any of their cases. That's what the second circuit, the six, the D.C. circuit have all correctly held in interpreting it. We're talking about immigration, but supposing under the same analysis, a person is released under the Bail Reform Act, that person, based on what you've said, can be picked up by state officials. That's correct. Rather than immigration for some other reason. For parole or probation, and it would be quite something if Congress were preempting all of that. In an act called the Bail Reform Act, it's addressed simply to pretrial detention in federal proceedings. It doesn't say any of that. I do want to talk about, just briefly, to answer the question on the interstate agreement of detainers. That might play in then. So say during the 10-day period, a state authority takes the person into custody. The interstate agreement on detainers only applies to sentenced state prisoners. So if you had a pending state case and a pending federal case, then they would both go forward. They'd just have to be ridded back and forth based on when they're needed in court. If the person's a sentenced state prisoner, and this Bail Reform Act does contemplate that, and the state wants them back and takes them back in custody, then we also have the IAD to deal with. And again, it's just like with the immigration. We have to be cognizant of multiple statutes and abide by them as we're required to. Under the IAD, all it means is that the federal court would writ the person in then for further proceedings. And once they writ them in, under the anti-shuttling provision, they wouldn't be able to send them back. They would simply hold on to them. And there's actually a detention provision, as I'm sure you know, written into the IAD so that there's no Bail Reform Act proceeding at that point. If you bring somebody in on a writ who's subject to IAD, they're simply held in federal custody during the trial and then immediately returned to the state authority. So these statutes work. They fit. There's nothing here that preempts one or the other. And the operative principle here, as the other circuits have said, is that it's the court's obligation to give effect to statutes to the extent that it can, and not just simply assume, oh, these conflict with each other, we're going to pick one over the other. Thank you very much, Your Honor. Thank you. Mr. Campos. Thank you, Your Honor. I would just like to point out that the D.C. Circuit's procedural standpoint is very similar to this court as well. The opposing counsel has noted that of the other three circuits, the Second, Sixth, and D.C., it was the government appealing, which is true. However, in the D.C. Circuit, the underlying criminal case was not finished. It was not finalized. In that case, the district judge issued a – prohibited ICE from picking up the person, and from there the government appealed. The case was still continuing, just like this case is continuing in the lower court. So even though the government now is objecting to jurisdiction in this case, the same government did not object to jurisdiction, an almost identical procedural posture in the D.C. Circuit. I'd also – An estoppel there, are you? Yes, Your Honor. It's not in the brief anywhere. No, it's not. It just came to mind as he spoke. But you didn't have any coffee. I said – I think his morning was after two cups of coffee. You're more spontaneous than I am. I'd also like to clarify one point regarding the other state actors. We're not here arguing about the ability of state actors because this is a very different situation. Here we're talking about the same actor, the executive branch, which has control over both the Department of Homeland Security and the Department of Justice. And if you – looking at the facts of this case and looking at what happened during the 3142D hearing, it becomes clear that when the United States attorney heard directly from Judge Strawbridge that if a detainer is issued, it's case closed for him. There will be no bail. Soon thereafter, there was a detainer issued. And so at the end of the day, this situation is very different than state actors because you have one executive branch. Yeah, but the statute doesn't allow for that distinction. That's the problem. You could say this is very different, but the statute lumps everything together. It does, however. There is an individualized notion, specification – Under the BRA. Under the BRA of an immigration official. Thank you, Your Honor. Thank you. We take the matter under advisement. We thank both counsel for their argument. Thank you.